# United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

v.

HOMER BERRYHILL,

    Defendant.

CR 216-011

## ORDER

Before the Court is Defendant Homer Berryhill's "Motion for Application of 3 Level Reduction in Imposed Sentence Subsequent to Plea Agreement Granting 3 Level Reduction for Acceptance of Responsibility."  Dkt. No. 102.  The Government has filed a motion to dismiss in opposition.  Dkt. No. 103.  Both motions are ripe for review.

## BACKGROUND

In September 2016, under a written plea agreement, Berryhill pleaded guilty to three counts of using a communication facility in connection with a drug trafficking crime, in violation of 21 U.S.C. §§ 843(b), (d).  Dkt. Nos. 32, 33.  Although as a career offender Berryhill would have faced an advisory guideline range of 292 to 365 months' imprisonment, his statutory maximum penalties limited his exposure to twelve years in prison, thus his guideline range was 144 months' imprisonment.  The Court sentenced Berryhill to a total term of

144 months' imprisonment with the Bureau of Prisons, followed by one year of supervised release.  Dkt. No. 40.

Berryhill appealed his conviction, and the Eleventh Circuit Court of Appeals found "no arguable issues of merit" and affirmed his conviction and sentence.  Dkt. Nos. 42, 61.  In May 2018, Berryhill filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Dkt. No. 66.  The Court denied his motion in August 2021.   Dkt. No. 98.   According to the Bureau of Prisons' website, Berryhill is currently incarcerated at U.S. Penitentiary Atlanta in Atlanta, Georgia, with a release date of September 19, 2026.

Berryhill now moves the Court (1) to reduce his sentence based on a three-level reduction under U.S.S.G. § 3E1.1 and (2) to grant him twelve months of residential reentry center ("RRC") placement.  Dkt. No. 102.

**DISCUSSION**

**I.   RRC Placement**

The Court will first address Berryhill's request for a twelve-month RRC placement.   Dkt. No. 102.   The Bureau of Prisons designates the place of a prisoner's imprisonment, 18 U.S.C. § 3621(b), and "shall, to the extent practicable, ensure that a prisoner serving a time of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable

opportunity to adjust to and prepare for the reentry of that prisoner into the community," id. § 3624(c).

The Court does not have the ability to grant Berryhill the relief he seeks. After a district court sentences a federal offender, the Bureau of Prisons is responsible for administering the sentence. United States v. Wilson, 503 U.S. 329, 331 (1992); see also 18 U.S.C. § 3621. To the extent Berryhill is challenging the Bureau of Prisons' decision in that regard, his remedy is to file a petition pursuant to 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). Such a petition must be filed in the district where Berryhill is confined. United States v. Spaulding, No. 6:12cr17, 2020 WL 907873, at *1 (S.D. Ga. Feb. 25, 2020).

Moreover, Berryhill's motion is premature. According to the Bureau of Prisons' website, Hilton's projected release date is September 19, 2026. Thus, he is not eligible for RRC placement for several years. His motion is **DISMISSED.**

## II.  Sentence Reduction

Next, Berryhill moves the Court to reduce his sentence in accordance with a three-level guidelines reduction due to his acceptance of responsibility. Dkt. No. 102. Notably, Berryhill does not provide any statutory basis to reduce his sentence.

> The authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute. Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The Court concludes none of the circumstances allowing a district court to modify a sentence are present in this case. Therefore, the Court has no jurisdiction to consider Berryhill's motion on its merits and must **DISMISS** it. United States v. Mathis, 408 F. App'x 311, 312 (11th Cir. 2011).

## III. Collateral Attack

Finally, to the extent Berryhill seeks to collaterally challenge his sentence pursuant to 28 U.S.C. § 2255, his motion is also **DISMISSED.** In order for a defendant to file a successive § 2255 petition, he must first obtain authorization from the Eleventh Circuit Court of Appeals. See Dkt. No. 66. Section 2255(h) requires that prisoners wishing to file a successive petition to collaterally challenge their conviction or sentence must first obtain permission from the Court of

Appeals.  See 28 U.S.C. § 2255(h); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition." (citation omitted)).  Here, Berryhill has obtained no such permission.  The Court thus lacks jurisdiction to consider his motion.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  Berryhill's motion to reduce his sentence is **DISMISSED.**

**CONCLUSION**

For the reasons above, the Government's motion to dismiss, dkt. no. 103, is **GRANTED**, and Berryhill's motion, dkt. no. 102, is **DISMISSED.**

**SO ORDERED**, this 22nd day of October, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA