# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

v.                                          CR 216-011

HOMER BERRYHILL,

　　　Defendant.

### ORDER

Before the Court is Defendant Homer Berryhill's motion for reconsideration of this Court's Order dismissing his motion for compassionate release, as well as Defendant's motion for a certificate of appealability.  Dkt. Nos. 120, 122.

### JURISDICTION

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999).  Because Defendant's appeal of the Court's Order dismissing his motion for compassionate release remains pending

before the Eleventh Circuit, this Court is without jurisdiction to consider his motion for reconsideration. See, e.g., United States v. Campbell, — F. Supp. 3d —, No. 6:06-CR-06105, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020) ("Defendant[, in his motion for compassionate release,] is seeking a substantive modification to his sentence and this Court lacks the jurisdiction to grant this relief because of Defendant's pending appeal."). Yet, under Federal Rule of Criminal Procedure 37, this Court may still issue an indicative ruling in circumstances such as this. See id. at *2; United States v. Martin, No. 18-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

> Rule 37 provides:
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The committee notes to Rule 37 explain, "In the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for . . . motions under 18 U.S.C. § 3582(c)." See 18 U.S.C. § 3582 (committee notes on rules—211 Amendment). "[T]his rule allows district courts to deny, but not

to grant, a motion for which it lacks jurisdiction due to a pending appeal." Martin, 2020 WL 1819961, at *2.

Thus, while the Court does not have jurisdiction to consider Defendant's motion for reconsideration because of his pending appeal, the Court will issue an indicative ruling thereon pursuant to Rule 37.

## LEGAL AUTHORITY

Defendant asks the Court to reconsider a portion of its Order dismissing his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction;

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of

4

life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

"Application Note 1(D) provides that a reason other than those enumerated in the commentary may qualify as an extraordinary and compelling reason for compassionate release, but such 'other reason[ ]' must be 'determined by the Director of the Bureau of Prisons.'" United States v. Doobay, No. 3:16-CR-122-J-32MCR, 2020 WL 5749921, at *1 (M.D. Fla. Sept. 25, 2020) (citing U.S.S.G. § 1B1.13, cmt. 1(D)). "By its own terms, this provision does not authorize the Court to invent new or additional 'extraordinary and compelling reasons' for compassionate release." Id. (citing United States v. Copeland, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (quotation marks omitted)).

## DISCUSSION

### I.   Motion for Reconsideration

In his motion for compassionate release, Defendant argued he is entitled to a reduction in sentence "because of the district court's failure to apply his acceptance of responsibility under § 3E1.1(a)." Dkt. No. 118 at 6. The Court dismissed Defendant's motion for compassionate release, id., on two bases. First, the Court concluded it lacked jurisdiction to consider the motion because Defendant was "attempting to circumvent having to obtain authorization from the Eleventh Circuit to file a successive 28 U.S.C. § 2255 petition." Dkt. No. 119 at 1. Second, the Court held that "to the extent Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)," his motion must be dismissed because he "failed to show that he exhausted his administrative remedies with the Bureau of Prisons before filing th[e] motion." Id. at 2.

Defendant now moves for reconsideration of part of the Court's Order. Dkt. No. 120. Specifically, he takes issue with the Court's finding that he had failed to exhaust his administrative remedies. Id. Indeed, Defendant *did* submit a request to the warden of his facility for compassionate release. Dkt. No. 118 at 14, 15. However, his request cites only the same arguments he propounds in his successive § 2255 motion, i.e. that the Court failed to consider his acceptance of responsibility under § 3E1.1.

See id.   Nevertheless, the Court would **GRANT** Defendant's motion for reconsideration to the extent he seeks clarification of the Court's Order.   See Dkt. No. 120.

Section § 3582(c)(1)(A), in part, gives a court the authority to modify a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).   Generally, those reasons are limited to a defendant's medical condition, family circumstances, or age.     U.S.S.G.   § 1B1.13,   Policy Statement, Application Note 1.   Defendant makes no mention of his medical condition, his family circumstances, or his age in either his reduction-in-sentence request to the warden or in his motion for compassionate release to the Court.   See Dkt. No. 118; id. at 14-15.   As such, when the Court dismissed Defendant's motion "to the extent [he] moves for compassionate release" for failure to exhaust his administrative remedies, the Court meant that Defendant had failed to exhaust his administrative remedies with respect to his medical condition, family circumstances, and age. See Dkt. No. 119.   Were the Court to consider Defendant's motion for compassionate release again, it would reach the same conclusion.

## II. Motion for Certificate of Appealability

Defendant also moves for a certificate of appealability pertaining to the Court's Order dismissing his motion for compassionate release. Dkt. No. 122.   Defendant's motion is **DENIED**

**as moot.** No certificate of appealability is required for an appeal of a court's order on a motion for compassionate release.

CONCLUSION

This being an Indicative Order due to Defendant's pending appeal, should the Eleventh Circuit Court of Appeals remand the case to this Court, the Court would Order as follows: Defendant's motion for reconsideration, dkt. no. 120, is **GRANTED in part** and **DENIED in part.** It is granted to the extent Defendant seeks clarification of the Court's previous Order. See. Dkt. No. 119. It is denied in all other respects. Finally, Defendant's motion for a certificate of appealability, dkt. no. 122, is **DENIED as moot.**

SO ORDERED, this 14 day of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA